THOMAS COLEMAN & others *vs.* DAVID BARNES Jr.

A bill in equity is not multifarious which avers that the plaintiffs are several owners of different parcels or lots of goods, which have been obtained from them by fraud through distinct and separate transactions, by a person who has pledged them to secure an advance to him of money and a note, and seeks a restoration thereof, if the bill offers to pay such advance, and seeks to cause the note to be given up. But such bill must aver in clear and distinct terms that all or some portion of the goods which were thus obtained and pledged belonged to each one of the plaintiffs.

BILL IN EQUITY brought by several plaintiffs, averring that on ɯr about the 28th of June 1862 Joseph H. Locke and Aaron P. Downs obtained from them severally metals and junk to a considerable amount, all of which were obtained by fraud; that shortly afterwards " Locke and Downs, being insolvent, put said goods, or a part of them, into the hands of David Barnes, Jr.," in order to cover up the same and defraud the plaintiffs; that Barnes alleges that he advanced to Locke and Downs $200 in money and a note for $2700, or thereabouts; that the plaintiffs are willing and ready to pay to Barnes any sum which he may have advanced on the property; that Locke and Downs afterwards went into insolvency, and the note is now held by the messenger; that Barnes did not take the goods as a *bona fide* purchaser without notice, and is not entitled to hold the same, and the assignees of Locke and Downs will not be entitled to hold and recover the note, but that the plaintiffs are entitled to the goods, and the proceeds thereof, if sold. The prayer was that the assignees of Locke and Downs, when chosen, might be made defendants, and ordered to give up the note to Barnes, and that thereupon Barnes might be ordered to restore the property, and pay to the plaintiffs the proceeds of any part thereof which has been sold by him, and for further relief.

The defendant filed a general demurrer, which was overruled; and the defendant appealed to the whole court.

*A. B. Merrill & A. C. Clark*, for the defendant.

*C. M. Ellis*, for the plaintiffs.

BIGELOW, C. J. The first ground assigned in support of the demurrer cannot be maintained. It is, that the plaintiffs are improperly joined, and that the bill is multifarious. It is true that it appears by the averments of the bill that the plaintiffs were the several owners of different parcels or lots of goods, the sale of which was obtained of them by separate and distinct acts of fraud, committed by the same persons; that they have rescinded such sales on account of said fraudulent acts, and now seek to reclaim said lots or parcels of goods from the defendant Barnes, into whose hands they or a part of them have come. If

the averments in the bill went no further, the objection would be insurmountable. But it is also alleged that all or a part of said several lots or parcels of goods were pledged to the defendant by a contract under which a certain sum in cash and his negotiable note were advanced to them by him, and that he has a lien on all of said goods for the repayment of said advance in cash and for the security of said note, the validity of which lien the plaintiffs admit, and by their bill offer to pay It is a case, therefore, where the property of several different persons is subject to a common charge or burden. Neither of them can reclaim his goods until the whole of it is satisfied and discharged; and yet no one of them ought to pay the whole sum which the defendant is entitled to receive in discharge of his lien. There is, therefore, no complete and adequate remedy at law by which each of the plaintiffs can recover his own property without paying a larger sum than is properly chargeable on his portion. The only remedy by which the rights of all parties interested can be protected is in equity, where an account can be taken of the sum due to the defendant; the share of this sum which each ought to pay in proportion to the value of his goods in the hands of the defendant, in order to discharge the lien, may be ascertained; and a decree may be made for the delivery of each owner's property to him on payment of such share and the surrender of the note. The plaintiffs, therefore, are properly joined, if the property of each of them is in the defendant's hands, because each has a common interest in the proper apportionment of the burden to which their separate property is subject, as well as in taking the account of the sum due. The case is one peculiarly appropriate for the remedial justice of a court of equity. 1 Story on Eq § 506. *Skeel* v. *Spraker*, 8 Paige, 182. *Myers* v. *United Guarantee, &c. Co.* 7 DeG., Macn. & Gord. 112. Story Eq. Pl. §§ 133, 162, 166.

The other ground of demurrer is well taken. The bill does not aver in clear and distinct terms that goods belonging to each of the plaintiffs are now in the hands of the defendant, subject to his lien for advances made therein. The averment

is only that " the goods or a part of them " were put into the hands of the defendant. This allegation leaves it doubtful whether property belonging to each plaintiff is subject to the lien claimed by the defendant. As the bill can be maintained in their names jointly only by alleging that goods of each of them are in the possession of the defendant, the bill is imperfectly framed in this particular, and will require amendment On this ground the entry must be　　　*Demurrer sustained.*